Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | |
|---|---|
| OMAR HOLLOWAY | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| _(Write the full name of each plaintiff who is filing this complaint._ | ) |
| _If the names of all the plaintiffs cannot fit in the space above,_ | ) |
| _please write "see attached" in the space and attach an additional_ | ) |
| _page with the full list of names.)_ | ) |
| **-v-** | ) |
| Public Consulting Group (Public Consulting Group, | ) |
| Public Consulting Group, Inc., PCG) | ) |
| Public Partnerships, LLC (PPL) | ) |
| | ) |
| _Defendant(s)_ | ) |
| _(Write the full name of each defendant who is being sued. If the_ | ) |
| _names of all the defendants cannot fit in the space above, please_ | ) |
| _write "see attached" in the space and attach an additional page_ | ) |
| _with the full list of names.)_ | ) |

Case No. _____

_(to be filled in by the Clerk's Office)_

Jury Trial: _(check one)_  ☑ Yes  ☐ No

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | OMAR HOLLOWAY |
| Street Address | P.O. BOX 11464 |
| City and County | SCOTTSDALE, MARICOPA |
| State and Zip Code | ARIZONA, 85271 |
| Telephone Number | 480-549-7958 |
| E-mail Address | 2013holloway@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title _(if known)_.  Attach additional pages if needed.

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | Public Consulting Group (Public Consulting Group, Public Consultir |
| Job or Title *(if known)* | EMPLOYER |
| Street Address | 148 State Street, 10th Floor |
| City and County | BOSTON, SUFFOLK |
| State and Zip Code | MASSACHUSETTS, 02109 |
| Telephone Number | 617-426-2026 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Public Partnerships, LLC (PPL) |
| Job or Title *(if known)* | EMPLOYER |
| Street Address | 1 Cabot Rd #102 |
| City and County | MEDFORD, MIDDLESEX |
| State and Zip Code | 02155 |
| Telephone Number | 855-243-8775 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question          [✔] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
Title VII of the Civil Rights Act of 1964

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

   a.    If the plaintiff is an individual

   The plaintiff, *(name)* OMAR HOLLOWAY , is a citizen of the State of *(name)* ARIZONA .

   b.    If the plaintiff is a corporation

   The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

   a.    If the defendant is an individual

   The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

Page 3 of 5

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

    b.     If the defendant is a corporation

          The defendant, *(name)* Public Consulting Group , is incorporated under

          the laws of the State of *(name)* MASSACHUSETTS , and has its

          principal place of business in the State of *(name)* MASSACHUSETTS .

          Or is incorporated under the laws of *(foreign nation)* ,

          and has its principal place of business in *(name)* .

          *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

      The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:
      More than $75,000 - compensation years of employment, punitive damages, others sought

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
In or after February 2019, The Defendants' management counseled Me for communicating to The Defendants' chain of command regarding witnessing harassment of another employee. and opposing harassment and perceived discrimination. SEE ATTACHMENT AND EXHIBITS

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1* 5 YEARS 3 MONTHS 21 DAYS pay. 2* COMBINE 2021 SALARIES OF Defendants' Managers Stephanie A., Supervisor Tiffany A., Supervisor Leslie H., HR Brianna A. 3* Punitive Damages inclusive of falsifying dates, covering up dates, retaliation, defamation... and not giving a darn about throwing a single-parent employee out into the streets, during COVID, with no health insurance. And retaliation because I speak up about related issues involving malfunction processes in which elders, children and physically challenged individuals have to deal with per The Defendants' dysfunctions. And I adhered to the missions and values of The Defendants because I care, I speak up, I'm a team player and I watched the pennies. *psychological degradation*

*Up to $300,000 per US EEOC punitive* *emotional duress*

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:         05/05/2024

Signature of Plaintiff

Printed Name of Plaintiff    OMAR HOLLOWAY

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

UNITED STATES DISTRICT COURT

for the

District of Massachusetts                          ADDITIONAL PAGES

                                                   (ORIGINAL COMPLAINT)

-------

OMAR HOLLOWAY,

     Plaintiff (Pro Se')

V.

PUBLIC CONSULTING GROUP

(Public Consulting Group LLC, Public Consulting Group, Inc., PCG)

PUBLIC PARTNERSHIPS LLC (PPL)

Within their professional, business, corporate entity capacities
     Defendants.


**If the Basis for Jurisdiction Is Diversity of Citizenship:**

ADDITIONAL DEFENDANT

2. Public Partnerships, LLC (PPL) the laws of the State of MASSACHUSETTS, principal place of business in the State of MASSACHUSETTS


STATEMENT OF CLAIM:

CONTINUED

**2.** On or about **July 1ˢᵗ 2019**, Defendants' HR Cara H. summoned Me into a counseling meeting with then Supervisor Stephanie A.  Cara H. was hostile to Me for speaking up, to the chain of command regarding the dysfunction issues of enrollment.  Cara H. handed Me and Stephanie A. a Performance Improvement Plan and imposed on Me to sign it. It was **pre-printed 4/2019, dated July 1ˢᵗ 2019, with dates including 2/2019 and July 14, 2019.**

"2/2019" is when a close work colleague of Mines constructively resigned because of Cara H. and another manager's hostilities.  I raised the issue to management about the harassment and opposition to such discriminative related acts.  On July 1ˢᵗ 2019, Cara H. wanted to put that in the pre-printed 4/2019 Performance Improvement Plan; because she

O. HOLLOWAY PLAINTIFF PRO SE' ADDITIONAL PAGES (Page **1** of 5) PCG / PPL

was a communication subject of the discriminative related acts – even though she was not in any meeting, nor invited to any meeting, with Me and Ken Smith. She doesn't know what was actually said.

**July 14, 2019 is a Sunday.** There was no business, or pre-scheduled business hours, for Sunday July 14, 2019. Defendants' Cara H. and Stephanie A. knew this; or should've known this in 4/2019 when the Performance Improvement Plan was crafted - in retaliation to My former colleague speaking up and resigning on or about February 14th 2019, and My speaking up.

Stephanie A. did nothing to protect Me from that fraudulent document. Cara H. had her fingerprints all over those PIP documents, but she refused to sign it – where she imposed upon Me to sign.

Additionally, My former co-worker prepared the nicest Christmas 2018 holiday gathering for the arrival of PPL President John Shaughnessy, and employees of the Phoenix location. I had the privilege of spending time with The President. He gave the okay for Me to communicate with him regarding work-related matters; he did this in front of Ken Smith and other management.

Cara H. and Stephanie A. can be described as Caucasian-American.

3. **In or about May 2020**, newly elevated supervisor Leslie H. sent Me an email, alerting that there's overtime, due to the COVID pandemic protocols of enrolling parents and un-enrolling no family members (ie. State of NJ marshal lawed that only family members to be in the home of residents).

I replied that I was available to do so. We were now in remote work status.

Leslie H. sent back an email response to Me, demeaning Me about I'm not allowed to do overtime. She was also upset that another supervisor okay Me doing overtime; that supervisor name was Sul. Leslie H. and Sul were co-supervisors, but Sul indicated to management of Leslie's unprofessionalism and lack of work capabilities – hence Leslie H. got switched to supervised My team, instead of "Team Leader M" (an African-American female). Leslie was an enrollment associate as I were.

Leslie was allowed to write Me a "Corrective Action"; in which she **doubled-down on the fraudulent pre-printed 4/2019 Performance Evaluation.** She falsified that I was speaking to other supervisors. She intentionally left out, how she degradedly communicated to Me when I respectfully stated I was available for overtime. Supervisor Stephanie A., Manager Emory B., and HR Angela B. would not write Leslie H. any "Corrective Action".

O. HOLLOWAY PLAINTIFF PRO SE' ADDITIONAL PAGES (Page **2** of 5) PCG / PPL

The day or so after Leslie H. writing Me up, she immediately starting alerting and approving Me for overtime.

4. **In or about August 2020**, I received an email from The Defendants' payroll department, about a timesheet and being financially penalized if I don't turn in the timesheet timely. However, the timesheets are based upon the supervisors' re-confirmation to The Defendants' payroll department of someone's timesheet submission. And I provided information indicating that financial penalties for late timesheets is possibly illegal.

I communicated to The Defendants" President John Shaughnessy and HR staff Angela B. was counseled for communicating about what I received. The Defendants' policy says "nothing should prohibit" communicating about things such as timesheets, harassment and discrimination, cyber bullying.

But I was not counseled when I raised the issue of accrued time being allowed to be rolled over into the new year due to the COVID pandemic. And accrue time rollover was approved for The Defendants' entire companies beyond 40 hours, after I communicated to HR about it.

5. **On or about January 6, 2021**, newly transitioned supervisor Tiffany A. created her newsletter for the enrollment team I on. She specified "Speak up...".

6. **On or about early March 2021**, supervisor Tiffany A. agreed to helping out Massachusetts program coordinator Eric. M, because he and another coordinator failed to have documents available for the children enrollment in Massachusetts. However, Tiffany A. who now supervise enrollment, does not know how to do enrollment; so she pushed it upon our unit. And she wasn't clear, or not paying attention to Eric's "secret mission"; because his failure was detrimental to children, parents, and The Defendants contractual obligations.

Our team could not complete Eric's mission fluently, because there were requirements on the parents' end, and Eric was not trying to alert the parents of his failure.

**On or about March 8· 2021**, My former close co-worker, "Team Leader M", posted on the Defendants' company wide Lattice site. She uncharacteristically posted that I was a "prideful man" and I'm the reason for hours being wasted regarding Eric's "secret project". And what's also defamation and dishonorable, was that Team Leader M was at not the "secret project" meeting (over the teleconference) to fully recognized the failures of Eric M. She blamed Me about Eric's intent and instructions were "obscured"; minimizing what Eric M. and other failure, and trying to maximize Me as a "prideful man".

And Team Leader M raised the issues of herself being unable to complete Eric's "secret project" due to system rejection of not having the proper information available from parents or other coordinators who Eric M. was supposed to be involved with.

7. **On or about March 9th 2021**, supervisor Tiffany A., basically piggy-backed Team Leader M, and double-down on The Defendants' company side Lattice platform to point fingers at Me.

Even after I showed her, that she was incorrect, about Eric's instructions.  And she freely had time to do so, because she doesn't do enrollment packets or transferring.

8. **On or about March 10th 2021**, supervisor Tiffany A. wanted to continue the communication from The Defendants' company wide Lattice platform; but she did it in an email directly to Me for no one else to see.  She wanted to, and did, send Me an email that stated **"black, caliginous, dark... Find the right word."**

9. **On or about March 12th 2021**, process manager Angela W. held a teleconference meeting that based on the situation, there's going to be a change to go paperless.  She also reiterated to not hesitate to "speak up".

During that meeting, it was announced that Team Leader M would be getting a promotion to be a supervisor.

During that meeting, Supervisor Tiffany A. wanted to give kudos, name by name, to all the females that help out on projects.  She intentionally did not mention Me at all.

10. **On or about March 17th 2021**, Eric M.'s team emailed Me about the enrollment process for Massachusetts. I expressed the new direction was going toward paperless.  As it appeared that this change was not brought to attention, and likely unacceptable, I alerted Angela W., Tiffany A. and the team to provide clarity for Eric M.'s team to catch up.

Tiffany A. retaliated again, writing on The Defendants' company-wide Lattice platform to publicly shame Me, again.

And then afterwards, Supervisor Tiffany A. sent Me a direct email, expressing "but I really do like your work".  She didn't put that on The Defendants' company-wide Lattice platform for all the employees to see; **just like her, Stephanie A. and Team Leader M did not put on The Defendants' company-wide Lattice platform that I'm "valued" and "appreciated" on March 11th 2021.**

I responded to Tiffany A.  I explained that I did not like the feeling, that I had been receiving racial oriented and harassing communication.  I questioned her, if she would be showing management how she treat people (specifically Me).

O. HOLLOWAY PLAINTIFF PRO SE' ADDITIONAL PAGES (Page **4** of 5) PCG / PPL

11. **On or about March 18th 2021**, Eric M. kept speaking up.  I don't believe that Tiffany A. wrote on The Defendants' Lattice platform about Eric M.  Others continued to speak among others too, without reprimand.  Eric M.'s public bio indicated Eric M was eventually promoted.

12. **On or about March 23rd 2021**, now Manager Stephanie A. summoned Me for a teleconference meeting.  Upon us linking up, HR (I believe it was Brianna A.) was on the call.  Stephanie A. was quick to the point, expressing "We decided to part ways".  And then the HR female took over the chair.

I asked the HR female, was she told what has been happening?  She said "if there's issues, we'll address it after"; as of if there were any harassing, discriminate, retaliative, bullying issues from management... it'll be discussed after I'm terminated.

The Defendants' HR sent Me a termination notice.  It triple-down on upholding the fraudulent 4/2019 pre-printed Performance Improvement Plan that stated I communicated with employees on July 14th 2019 (Sunday).  It referred to My communicating about timesheets with The Defendants' President John Shaughnessy and HR Partner Angela B., as a reason for termination also.  It pointed out then supervisor Leslie B.'s May 2020 corrective action that was inserting Leslie's own words that were not Mine, and misleading.  It stated "On 3/11/21 you provided Lattice feedback to your Supervisor..."; a willful intrinsic fraud to cover up the email of "value" and "appreciated" provided to Me on March 11th 2021.  See intrinsic fraud, Law.com > https://dictionary.law.com/Default.aspx?selected=1019.  And then the termination notification stated that My expressing opposition to discriminative, racial, harassing suggestives were "unprofessional".

And The Defendants' HR Brianna A.'s statement about Me providing inaccurate information regarding the enrollment was false.  Respectfully, I don't recall The Defendants' HR's Brianna A. ever being involved with the enrollment process.


CAUSES OF ACTION

I* HARASSMENT, 2* DISCRIMINATION, 3* RETALIATION, 4* CYBER BULLYING, 5* FRAUD

6* DEFAMATION

I ASSERT THAT NO OTHER SUB-CATEGORY INDIVIDUALS, THAT'S DIFFERENT THAN ME, HAVE BEEN TREATED AS SUCH.

I'm African-American, Male, Over Age 40 at the time of these experiences.  *Omar Holloway 5/5/2024*

O. HOLLOWAY PLAINTIFF PRO SE' ADDITIONAL PAGES (Page **5** of 5) PCG / PPL