UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OMAR HOLLOWAY,

    *Plaintiff,*

v.

    No. 24-cv-11215-PGL

PUBLIC PARTNERSHIPS LLC, and
PUBLIC CONSULTING GROUP LLC,

    *Defendants.*

## ORDER

LEVENSON, U.S.M.J.

### INTRODUCTION

Plaintiff, who is proceeding pro se, has filed a motion requesting that Defendants reimburse his incurred costs of service, and that the Court dismiss Defendants' motion to dismiss and strike Defendants' notice to the Court regarding opposition to their motion to dismiss. For good measure, he has also filed a request for an entry of default against Defendants.

Before the Court are Plaintiff's motions:

(i)      "MOTION(ings) for: 1* Reimbursement Per Service Refusal; 2* Dismiss Defendants Motion(S) to Dismiss and Strike Unopposed Notice" (Docket No. 41, "Motion for Reimbursement"); and

(ii)      "Motion of Entry of Default." Docket No. 49 at 2–8 (motion regarding Defendant Public Consulting Group LLC); 9–15 (motion regarding Defendant Public Partnerships LLC).

Defendants filed an opposition to Plaintiff's Motion for Reimbursement. Docket No. 44. For the reasons below I DENY both of Plaintiff's motions.

## I.    Reimbursement of Costs of Service

Plaintiff seeks to require Defendants to pay for expenses that Plaintiff incurred in connection with his efforts to effect in-person service of process of Plaintiff's first amended complaint. Docket No. 41 at 7–9. In particular, Plaintiff seeks to recover expenses associated with Priority Mail and a process server who attempted to make in-hand service on Defendants' counsel in October 2025, and in-hand service on Defendants' registered agents in December 2025. *Id.*; Docket No. 41-1.

Defendants respond that they should not be compelled to pay Plaintiff's costs because any such in-person service was unnecessary and, indeed, superfluous. *See* Docket No 44 at 2. Defendants note that they were "properly served through their registered agent on September 8, 2025," and that they filed a motion to dismiss on October 17, 2025. *Id.* Plaintiff then attempted to serve the amended complaint on Defendants' counsel on October 22, 2025, which Defendants' counsel refused. *Id.* At the time of the second attempted service, Defendants had already appeared in this case, by counsel. Docket Nos. 20, 21. That being the case, service could have been, and was, effectuated simply by filing the amended complaint in this Court's Case Management/Electronic Case Files system (CM/ECF). Docket No. 17.

Defendants' contentions appear well-founded. It is evident from the Court's docket that Plaintiff's expenditures for the second and third rounds of in-hand service were unnecessary. True, some filings in the docket are confusing. *See, e.g.,* Docket No. 12, dated Sept. 24, 2025 (describing service by mail "*(PRIOR TO COMPLAINT AMENDMENT LEAVE SEPT. 10th 2025)*") (capital lettering and italics in original). It is clear, however, that counsel for Defendants conferred with Plaintiff on September 25, 2025, to request additional time to respond to the amended complaint.

*See* Docket. No. 19 at 2. Plaintiff acknowledges that, prior to "October 14th – October 16th 2025" Defendants' counsel had made "multiple communications to This Honorable Court and Plaintiff Pro Se' Holloway regarding Defendants' multiple extension of time requests to respond." Docket No. 41 at 7. Thus, Defendants had unambiguously expressed their intention to respond to Plaintiff's complaint. There is no suggestion that Defendants contested the sufficiency of service. Under these circumstances, there is no reason to impose on Defendants an obligation to pay service costs that Plaintiff incurred in October or December 2025.[1]

## II.    Dismissal of Defendants Motion to Dismiss

Plaintiff asks the Court to dismiss Defendants' motion to dismiss, due to Plaintiff not receiving a copy of the motion to dismiss. Docket No. 41 at 14. Treating this request as an opposition to the motion to dismiss, I find that this request is now moot.

Following the filing of Plaintiff's motion on March 4, 2026, the Court held a hearing on Defendants' motion to dismiss, in which Plaintiff agreed to dismiss all but three of the counts in Plaintiff's amended complaint. Docket No. 42. Accordingly, as the motion to dismiss has been adjudicated—with Plaintiff's agreement—his objection is no longer relevant.

## III.    Request to Strike Unopposed Notice

Plaintiff moves to "[s]trike, [or] recognize as moot" Defendants' November 14, 2025, Notice to the Court. Docket No. 41 at 14. Defendants' "Notice to the Court of Defendants' Unopposed Motion to Dismiss Plaintiff's First Amended Complaint," (the "Notice") was filed to

---

[1] Defendants also contend that Plaintiff's in-hand service efforts were misplaced, in that Plaintiff attempted service upon Defendants' *counsel*. Defendants are likely correct as to the technical point, but there is no need to address the issue here. There might be cases (this is not one) in which gamesmanship with respect to service of process could justify an award of costs, even for defective efforts at service. The waiver of service provisions of Fed. R. Civ. P. 4(d) are designed to discourage gamesmanship with respect to in-hand service, but these provisions can be confusing to a pro se litigant.

3

draw the Court's attention to the fact that Plaintiff had not filed an opposition to Defendants' motion to dismiss, and it suggested that the Court could "decide Defendants' Motion on the papers currently submitted." Docket No. 30 at 2. Plaintiff alleges that Defendants "intentionally did not provide their Motion to Dismiss October 17th 2025 . . . [or] their Unopposed Motion/Notice of November 14th 2025" to Plaintiff, calling it a "covert strike." Docket No. 41 at 10. Plaintiff suggests that Defendants failed to provide Plaintiff with these documents in order to keep Plaintiff from replying and asks the Court to strike the Notice from the record. *Id.* at 10–11, 14. Defendants note that the issue is moot given that Plaintiff has agreed to the partial dismissal of his complaint. Docket No. 44 at 3.

"Rule 12(f) endows this court with considerable discretion to strike from a pleading any redundant, immaterial, impertinent, or scandalous material." *Autila v. Mass. Bay Trans. Auth.*, 342 F.R.D. 23, 31 (D. Mass. 2022) (citation modified) (quoting Fed. R. Civ. P. 12(f); *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988)). The Notice that Plaintiff seeks to strike is a straightforward and accurate notice to the Court that is neither immaterial nor scandalous.

That Plaintiff had not received notice of the motion to dismiss may explain why he did not oppose it, but it does not provide a reason to strike the Notice. In any event, a motion hearing was conducted (Docket No. 42), the Court did not decide the motion to dismiss on the papers alone (as the Notice suggested), and the Court did not dismiss the entirety of the Complaint. Accordingly, Plaintiff's motion to strike the Notice is denied as moot.

## IV.    Entry of Default

Also before the Court is Plaintiff's motion for entry of default against both Defendants, pursuant to Fed. R. Civ. P. 12(a)(4)(A) and Fed. R. Civ. P. 55(a). Docket No. 49. Plaintiff

contends that Defendants' failure to file an answer within twenty-five days of the Court's March 4, 2026, partial denial of Defendants' motion to dismiss warrants entry of default. *Id.* at 4, 11.

Fed. R. Civ. P. 55(a) allows the entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55. Here, although there appear to have been challenges throughout this matter regarding notice and service, Defendants have not failed to plead or otherwise defend.

The case was filed on May 7, 2024 (Docket No. 1) and the Court issued a summons on June 10, 2025 (Docket No. 9). Plaintiff filed Notices of Service of Process on September 24, 2025 (Docket Nos. 12–15). An updated summons was issued with corrected entity names for Defendants on September 25, 2025. Docket No. 18. Attorneys for Defendants appeared on September 25, 2025. Docket Nos. 20, 21. Defendants filed a Motion for Extension of time on the same day (Docket No. 19), and a Second Motion for Extension of Time on October 9, 2025 (Docket No. 23). Defendants then filed a motion to dismiss and a supporting Memorandum on October 17, 2025. Docket Nos. 26, 27. After some delay, the motion to dismiss was argued and decided on March 4, 2026. Docket No. 42. Defendants filed a motion for extension of time on March 24, 2026, which I granted. Docket Nos. 47, 48.

The October 17, 2025, motion to dismiss was timely filed. Defendants were delinquent in filing the March 24, 2026, motion for extension of time by six days[2], but there is no apparent prejudice and I have granted the extension. Defendants are not in default. I therefore Deny Plaintiff's motion for entry of default.

---

[2] An answer to Plaintiff's Complaint, or a request for an extension of time, was due fourteen days after Judge Young's March 4, 2026, decision on Defendants' motion to dismiss. Docket No. 42.

CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's MOTION for Reimbursement Per Service Refusal (Docket No. 41), DENIES Plaintiff's MOTION to Dismiss Defendants and Strike Unopposed Notice (Docket No. 41), and DENIES Plaintiff's Motion for Entry of Default (Docket No. 49).

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

Dated: April 7, 2026

6